

Redfield T. Baum, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| *In re*: | Chapter 13 |
| Chris Romaine and Alisa Romaine, | Case No.: 2:11-bk-12422-RTB |
| Debtors. | Adv. No.: 2:11-ap-01421-RTB |
| Chris Romaine and Alisa Romaine, | **DEFAULT JUDGMENT** |
| Plaintiffs, | |
| vs. | |
| Compass Bank, | |
| Defendant. | |

*The Court Makes the Following Findings of Fact*:

1.   Plaintiffs/Debtors Chris and Alisa Romaine filed for relief under Chapter 13 of the Bankruptcy Code on April 29, 2011.

2.   This court has jurisdiction pursuant to 28 U.S.C. § 1334.

3.   This matter, a complaint to determine the extent, validity and priority of liens, is a core matter under 28 U.S.C. § 157(b)(2)(K).

4.   Venue is proper pursuant to 28 U.S.C. § 1409.

5.   The Romaines are the owners of real property (the "Property") located at 28706 N. 223rd Avenue Wittman, Arizona and more particularly described as:

> PARCEL NO.1: THE NORTH HALF OF THE EAST HALF OF THE
> SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF THE
> SOUTHWEST QUARTER OF SECTION 26, TOWNSHIP 5 NORTH, RANGE
> 3 WEST OF THE GILA AND SALT BASE AND MERIDIAN, MARICOPA
> COUNTY, ARIZONA; EXCEPT THE WEST 145.00 FEET THEREOF; AND
> EXCEPT ALL THE COAL AND OTHER MINERALS RESERVED TO THE

UNITED STATES OF AMERICA IN THE PATENT OF SAID LAND. PARCEL NO.2: AN EASEMENT FOR ROADWAY AND PUBLIC UTILITIES OVER THE FOLLOWING PROPERTY; THE SOUTH 20.00 FEET OF THE NORTH HALF OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER AND THE NORTH 20.00 FEET OF THE SOUTHHALF OF THE SOUTHHALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER 0 SECTION 26, TOWNSHIP 5 NORTH, RANGE 3 WEST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA. EXCEPT ANY PORTION LYING WITHIN PARCEL NO.1.

6.  The Property is the Romaines' residence.

7.  The Romaines are the borrowers on two notes, each of which are secured to the Property by separate deeds of trust. The holder of the first note is Compass Bank. The second note is held by Defendant Compass Bank. The beneficiary of the second deed of trust is Defendant Compass Bank.

8.  The balance due on the first note (the "First Note") is $179,545.00, as evidenced by the proof of claim ("Claim 5") filed in the bankruptcy case and incorporated herein by reference. The First Note is secured to the Property by a deed of trust recorded in the Maricopa County Recorder's Office on September 7, 2004 at number 2004-1044538 and refinanced on August 31, 2005 at number 2005-1268574 (the "First Deed of Trust").

9.  The balance due on the second note (the "Second Note") is $57,441.73, as evidenced by the proof of claim ("Claim 12") filed in the bankruptcy case and incorporated herein by reference. The Second Note is secured to the Property by a deed of trust recorded in the Maricopa County Recorder's Office on February 25, 2005, at number 2005-0234764 and modified on June 1, 2007, at number 2007-0635565 (the "Second Deed of Trust").

10.  The value of the Property is less than the amount due on the First Note.

11.  The First Note and First Deed of Trust is a secured claim.

12.  The Second Note and Lien are unsecured claims.

//

*Now Therefore It is Ordered:*

A. For the purposes of the Romaines' Chapter 13 plan only, the Second Lien is valued at zero. Compass Bank does not have a secured claim and the Second Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1332(b)(2) and 1327, provided that the Debtors receive a discharge under 11 U.S.C. §§ 1328(a) or 1328(b).

B. Any claim filed by the Defendant relating to the Second Note shall be classified as a general unsecured claim in the Debtors' Plan.

C. This order shall become part of the Romaines' confirmed Chapter 13 Plan.

D. Upon entry of a discharge, under 11 U.S.C. §§ 1328(a) or 1328(b), the Second Lien shall be voided for all purposes and, upon application by the Debtors, the Court will enter an appropriate form of judgment voiding the Second Lien.

E. If the Romaines' Chapter 13 case is dismissed or converted to Chapter 7 before the Romaines obtain a discharge, this order shall cease to be effective and the Second Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Compass Bank, the Court will enter an appropriate form of order restoring the Second Lien.

F. Except as provided by separate, subsequent order of this Court, the Second Lien may not be enforced so long as this order remains in effect.

*Dated and Signed Above by the Hon. Redfield T. Baum*

Approved as to Form and Content By:

Brian M. Blum
*Attorney for Debtors*

Compass Bank
By: Patricia Hennessy
Its: Senior Vice President, Bankruptcy & Probate